BOISE CITY, IDAHO, v. BOISE ARTESIAN HOT & COLD WATER CO., Limited.

(Circuit Court of Appeals, Ninth Circuit. October 23, 1913.)

No. 1,875.

COURTS (§ 382*)—FEDERAL SUPREME COURT—REVIEW OF DECISIONS—CIRCUIT COURT OF APPEALS—DISPOSITION OF CAUSE.

The Circuit Court of Appeals having sustained a municipal ordinance imposing certain license fees on public service corporations, mandate was stayed and a writ of error from the Supreme Court issued to review the judgment. Thereafter the ordinance was again held valid in another action in the federal District Court, and a writ of error sued out of the Supreme Court, where the two cases were consolidated and finally disposed of by the court holding the ordinance unconstitutional, reversing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the judgment of the District Court, and dismissing the writ of error issued to the Circuit Court of Appeals. *Held*, that the dismissal of such writ reinvested the Circuit Court of Appeals with jurisdiction, and that the court would enter a new judgment in conformity with the determination of the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1019, 1020; Dec. Dig. § 382.*]

In Error to the Circuit Court of the United States for the Central Division of the District of Idaho; William B. Gilbert, Judge.

Action by Boise City, a municipal corporation, to recover certain license fees against the Boise Artesian Hot & Cold Water Company, Limited. A judgment was rendered for defendant, and plaintiff brought error, on which the judgment was reversed, and a writ of error from the United States Supreme Court having been dismissed after that court, in another case with which the writ was consolidated, had held the ordinance under which the action was brought unconstitutional, defendant moves that the judgment of the Circuit Court of Appeals be made to conform to the decision rendered by the United States Supreme Court. Granted.

Charles F. Reddoch, Charles C. Cavanah, John J. Blake, John F. MacLane, and Cavanah, Blake & MacLane, all of Boise, Idaho, for plaintiff in error.

Richard H. Johnson and Richard Z. Johnson, both of Boise, Idaho, for defendant in error.

Before ROSS and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was plaintiff in the court below in an action against the defendant in error, a municipal corporation of the state of Idaho, to recover certain license fees imposed by an ordinance of the city adopted June 7, 1906, for the privilege granted by a prior ordinance to the predecessors in interest of the plaintiff in error to lay and maintain water pipes in the streets and alleys of the city for the furnishing of water to the inhabitants thereof. This court sustained the validity of the ordinance imposing the license fees by its judgment rendered and entered here February 6, 1911. 186 Fed. 705, 108 C. C. A. 523. The mandate was duly stayed, and during such stay a petition for a writ of error from the Supreme Court to review the judgment of this court was allowed May 4, 1911, being a day of the same term of the court, and a supersedeas bond was duly approved and filed.

In February, 1912, in an action in the District Court of the United States for the District of Idaho, the constitutionality of the same ordinance of Boise City in respect to the imposition of license fees was made an issue, and the District Court, following the aforesaid decision of this court, held it valid, from which judgment a writ of error was sued out from the Supreme Court, and the question thus taken there. In that court the two cases mentioned were consolidated and finally

disposed of by the Supreme Court June 16, 1913 (230 U. S. 84, 33 Sup. Ct. 997, 57 L. Ed. 1400), resulting in the holding of the ordinance in question unconstitutional and void, in the consequent reversal of the judgment of the District Court of Idaho, and in the dismissal of the writ of error issued to this court. The dismissal of that writ left the judgment of this court rendered and entered February 6, 1911, in force, and this court in control of it, since no mandate has ever been issued, and the writ of error was seasonably taken.

The jurisdiction of this court continuing, it is manifest that a grave wrong would be done to permit a mandate to be sent to the District Court giving effect to the judgment of this court sustaining the validity of an ordinance which was, in a companion suit, adjudged by the Supreme Court to be unconstitutional and void. We conceive it to be our duty to yield to the judgment of that tribunal, to so change our judgment entered herein February 6, 1911, as to affirm the judgment of the District Court in this cause, on the authority of the decision of the Supreme Court, which is hereby done, upon which amended judgment the mandate of this court will be forthwith issued. In this way injustice is avoided and justice done—well within our power, since we still retain our original jurisdiction and control of our judgment.

The motion before us is, in this respect, granted.